**UNITED STATES of America,**
Appellee,

v.

**Richard G. PATTERSON,**
**Defendant–Appellant.**

No. 07–0170–cr.

United States Court of Appeals,
Second Circuit.

Aug. 12, 2008.

James M. Branden, New York, NY, for Appellant.

Paul D. Silver, Assistant United States Attorney (Lisa M. Fletcher, Assistant United States Attorney, on the brief), for Glenn T. Suddaby, United States Attorney for the Northern District of New York, Albany, NY, for Appellee.

PRESENT: Hon. REENA RAGGI, Hon. RICHARD C. WESLEY and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Defendant Richard G. Patterson, who was convicted after a bench trial of 12 counts of wire fraud, *see* 18 U.S.C. § 1343, and sentenced to 87 months' imprisonment, appeals both his conviction and sentence. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

1. *Evidentiary Challenge to Conviction*

Patterson raises a single evidentiary challenge to his conviction, arguing that the district court erroneously admitted irrelevant evidence, specifically, proof of his indebtedness to Harrison Stanton. The district court acted within its discretion in determining that this evidence tended to disprove Patterson's good-faith defense to the charged wire fraud. *See* Fed.R.Evid. 401 (" 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."); *United States v. Douglas,* 525 F.3d 225, 243 (2d Cir.2008) (reviewing evidentiary challenges deferentially for abuse of discretion); *United States v. Quinones,* 511 F.3d 289, 307–08

(2d Cir.2007) (noting that evidentiary ruling must be "arbitrary and irrational" to demonstrate abuse of discretion (citation omitted)). Patterson's indebtedness to Stanton was relevant to demonstrating defendant's inability to repay money procured from Beata Priore, the primary victim of the charged fraud, which, in turn, was relevant to demonstrating the knowing and intentional falsity of Patterson's repeated representations to Priore that repayment was imminent. Patterson's contention that the Stanton obligation did not necessarily render his repayment promises insincere goes to the weight, not the admissibility, of the challenged evidence. *See United States v. MacPherson,* 424 F.3d 183, 190 (2d Cir.2005) (rejecting argument that possible innocent explanations for certain events preclude finding of guilt beyond reasonable doubt); *see also United States v. Morgan,* 385 F.3d 196, 204 (2d Cir.2004) ("[W]here either of the two results, a reasonable doubt or no reasonable doubt, is fairly possible, the court must let the jury decide the matter." (internal quotation marks and citation omitted)).

2. *Sentence Challenge*

Patterson argues that his sentence was infected by significant procedural error because (1) the district court calculated his loss Guidelines by reference to uncharged conduct without making an explicit finding that it was part of a common scheme or plan, *see* U.S.S.G. § 1B1.3(a)(2); (2) the evidence did not, in any event, support a common scheme or plan determination; and (3) the district court gave undue weight to the Sentencing Guidelines. He further argues that, because of procedural error, the resulting sentence was substantively unreasonable. *See Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007) (identifying procedural and substantive components of rea-

sonableness review); *United States v. Jones*, 531 F.3d 163, 170 (2d Cir.2008). We are not persuaded.

Because Patterson raises his "explicit finding" challenge for the first time on appeal, our review is limited to plain error. *See United States v. Villafuerte*, 502 F.3d 204, 207–08 (2d Cir.2007); *see also United States v. Verkhoglyad*, 516 F.3d 122, 128 (2d Cir.2008).[1] In fact we identify no error in this case, plain or otherwise, because the district court's statement that it had "look[ed] at the relevant conduct, what happened with the fellow you got $250,000 from," and its statement that it had reviewed the Pre-sentence Report ("PSR") and "adopt[ed] the factual information that's contained" therein, are reasonably construed as an explicit adoption of the PSR's detailed explanation for why Patterson's conduct causing a $250,000 loss to a California victim was fraudulent and qualified as relevant to the crime of conviction pursuant to U.S.S.G. § 1B1.3(a)(2). *See generally United States v. Carter*, 489 F.3d 528, 539 (2d Cir.2007) (holding that a district court satisfies its obligation to make factual findings when it "explicitly adopts the factual findings set forth in the presentence report").

We further conclude that the adopted PSR findings are more than sufficient to demonstrate relevant criminal conduct by a preponderance of the evidence. *See United States v. Snow*, 462 F.3d 55, 72–73 (2d Cir.2006); *see also United States v. Vaughn*, 430 F.3d 518, 527 (2d Cir.2005). Although Patterson argues that it "was certainly possible" for his California conduct not to have been fraudulent, Appellant's Br. at 25, that possibility, which

appears remote, did not foreclose the district court's conclusion of probable relevant criminality. *See United States v. MacPherson*, 424 F.3d at 190.

Finally, the district court's observation that it "must give [the Guidelines] some heavy weight," Sentencing Tr. at 30 (Jan. 3, 2007), when reviewed in the context of the full sentencing transcript, raises no concern as to the district court's proper understanding of its obligation to make an "individualized assessment" of the appropriate sentence consistent with the factors outlined in 18 U.S.C. § 3553(a). *Gall v. United States*, 128 S.Ct. at 596–97 (holding that district court may not presume reasonableness of Guidelines sentencing range in particular case). The district court explicitly acknowledged both the advisory nature of the Guidelines and its obligation to analyze the totality of the § 3553(a) factors. Only after referencing evidence relevant to these factors that had been elicited at trial or reported in the PSR did the district court conclude that an 87–month sentence placed Patterson "right where [he] belong[ed]." Sentencing Tr. at 53.

Because Patterson's substantive reasonableness challenge is entirely derivative of his procedural error claim, our rejection of the latter argument makes it unnecessary to discuss the former.

The judgment of conviction is AFFIRMED.

---

1. Before the district court, Patterson argued that his loss Guidelines should not be calculated with respect to fraudulent conduct for which he was never charged. The law is plainly to the contrary. *See United States v. White*, 240 F.3d 127, 136 (2d Cir.2001) ("[A] preponderance of the evidence standard is the appropriate standard to be used in considering uncharged relevant conduct."); *see also* U.S.S.G. § 1B1.3, cmt. n. 10 (stating that "[c]onduct that is not formally charged ... may enter into the determination of the applicable guideline sentencing range.").